STATE OF NORTH CAROLINA v. CLARENCE (C. G.) MAJORS.

(Filed 21 September, 1966.)

**1. Criminal Law § 159—**

Exceptions not brought forward and discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 71—**

The court's findings upon the *voir dire* are conclusive on appeal when supported by competent evidence, and when the findings support the conclusion that defendant's confession was voluntarily and knowingly made after defendant was warned of his constitutional rights, the admission of the confession in evidence will not be disturbed.

**3. Burglary and Unlawful Breakings § 4;   Larceny § 7—**

The evidence in this case *held* amply sufficient to support verdict of guilty of feloniously breaking and entering and larceny by means of such felonious breaking and entering.

APPEAL by defendant from *Falls, J.,* April 1966 Criminal Session of BUNCOMBE.

Criminal prosecution on an indictment containing three counts: First count charges defendant on 26 March 1966 with a felonious breaking and entering a certain warehouse occupied by Pierce-Young-Angel Distributing Company, a North Carolina corporation, wherein merchandise, etc., were, with intent to commit larceny, a violation of G.S. 14-54; second count charges defendant on the same date with the larceny by means of a felonious breaking and entering of 14 cases of beer of the value of $82.60, the property of Pierce-Young-Angel Distributing Company, G.S. 14-72; and the third count charges defendant with receiving stolen goods. The third count was not submitted to the jury.

Defendant, an indigent who was represented by court-appointed counsel, entered a plea of not guilty to the charges in the indictment.

Verdict: Guilty as charged in the first count in the indictment, and guilty as charged in the second count in the indictment.

The court consolidated the verdict of guilty on the first and second counts in the indictment for judgment. From a judgment of imprisonment of not less than seven years nor more than ten years, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*
*Wade Hall for defendant appellant.*

PER CURIAM. Defendant introduced no evidence in his own behalf. At the conclusion of the State's evidence the court denied

defendant's motion for judgment of compulsory nonsuit, and defendant excepted. This exception has not been brought forward and discussed in defendant's brief; consequently, it will be taken as abandoned by defendant. Rule 28, Rules of Practice in the Supreme Court, and cases cited under this rule. 254 N.C. 783, 810.

However, we have carefully studied the State's evidence. In brief, the State's evidence shows these facts: Pierce-Young-Angel Distributing Company, a North Carolina corporation, is a distributor of Budweiser beer in the city of Asheville, and has a warehouse located at 348 Depot Street in which it keeps this beer for distribution and sale. On Saturday, 26 March 1966, the doors of its warehouse were locked, and it had stored therein 498 cases of Budweiser beer. Between 26 March 1966 and the morning of 28 March 1966 its warehouse was broken into and entered, and 14 cases of Budweiser beer were stolen and carried out of its warehouse. The value of the 14 cases of beer was $82.60.

H. F. Holland, a Detective Sergeant of the Asheville Police Department, was a witness for the State. He testified that he talked with the defendant. At this point in his testimony the trial judge directed the jury to go to its room, and during its absence from the courtroom he conducted a preliminary inquiry to show the circumstances under which a confession of the defendant was made to the officer. During this preliminary inquiry, Holland and Detective Sergeant R. D. Poore testified for the State, and defendant testified in his own behalf. The testimony of the State's witnesses tended to show these facts: The defendant was sober when he made the confession. Sergeant Holland told defendant that he did not have to make any statement whatever unless he wanted to, and that any statement he did make, if he made one, could be used against him in a court of law. He also told defendant he had a right to counsel, and a right to telephone or to contact any of his friends he wanted to. Defendant, testifying in his own behalf, testified in substance that he had been tried approximately ten times and had served time in prison for breaking and entry; that he knew he had a right to a lawyer if he wanted one, but that officer Holland did not tell him he could have a lawyer if he wanted one. The trial judge, after hearing the testimony offered by the State and by the defendant as summarized above and other testimony of the officers and defendant, found as a fact that the statement which defendant made to officers Holland and Poore was a voluntary statement, voluntarily made, without the promise of reward or without threats or duress of any kind, and he further found as a fact that defendant was aware of his right to counsel and of his constitutional rights at the time he made the confession. The judge's findings of fact are adequately

supported by competent evidence, and are not subject to review by us. *S. v. Rogers*, 233 N.C. 390, 64 S.E. 2d 572. Defendant does not contend in his brief that his confession was incompetent as evidence. After the judge had made these findings of fact, the jury was recalled into the courtroom, and Holland testified in substance as to what the defendant said, which is in brief as follows: During Saturday night of the 26th of March he met a "stud" in a crap game at Southside and French Broad Avenue. The officer asked him what he meant in regard to a "stud." He said another colored man whom he did not know. This "stud" propositioned him to break into a place where they could get some whisky. He told the "stud" that he did not know where he could break in and get any money, but he knew where he could break in and get some beer and turn it into money. At that time he and the "stud" walked out Southside to Depot Street to the Pierce-Young-Angel Distributing Company's warehouse to "case the joint." The officer asked him what he meant by "case the joint." He said, "You know, how you go look over a place before you pull a job. That's what I had reference to." While they were "casing the joint" a car came by. He and this "stud" stepped behind a railroad boxcar that was sitting on the siding at the unloading platform at the warehouse door. This "stud" reached up and took his knife and cut the seal from the railroad boxcar which had not been opened. He was unable to get the door to the boxcar open. The "stud" picked up a brick, walked over to the window of the office of the warehouse, and knocked the glass out of the window. The "stud" crawled through the window, went around through the warehouse, and opened the sliding door from the inside. The "stud" handed out to him 14 cases of Budweiser beer in large 16-ounce cans. He walked around the corner of the building and set them in the vacant lot between Pierce-Young-Angel's building and a building next to it. The "stud" carried some of this beer away in a Ford automobile. He told the "cat" who was driving an Oldsmobile to pull down to the head of the trail so he would not have so far to carry the beer. He loaded a great part of the 14 cases of beer in the Oldsmobile. He sold four cases of this beer at 185 Pine Street for $2.50 per case. He had to sell the beer cheaper than it sold for, because it was "hot" and he had to take less for it. He carried four more cases to another place where he sold it for $2.50 per case. As to the rest of the beer, he sold it to a house off of dirt Eagle Street, and he and his friends drank some of it.

The State's evidence was amply sufficient to carry the case to the jury on the first two counts in the indictment and to support a verdict of guilty as charged in both counts.

We have examined the assignments of error carried forward and discussed in the brief, all of which relate to evidentiary matters. While there may have been technical error in the admission of the challenged evidence, it is manifest that it was harmless. We have also examined all defendant's exceptions which have not been carried forward and discussed in the brief, and error prejudicial to defendant has not been shown.

In the trial below we find

No error.